| | | |
|---|---|---|
| ANDREEA IACOBETI<br>140 Vasile Lupu Str., A1, 8 Flr, Ap. 9<br>Romania, Post Code 700358 | : | IN THE |
| | : | UNITED STATES |
| Plaintiff | : | DISTRICT COURT |
| vs. | : | FOR THE |
| GENNA LEIGH ROSE WEEKS<br>10624 Griffith Road<br>Berlin, Maryland 21811 | : | NORTHERN DISTRICT |
| | : | OF MARYLAND |
| Defendant | : | CASE NO. 1:23-cv-1758 |

**COMPLAINT FOR MONEY DAMAGES**

NOW COMES Plaintiff, by her attorney, William C. Hudson, and sues Defendant, and, in support thereof, alleges as follows:

**Jurisdiction and Venue**

1.

Plaintiff is a citizen and resident of Romania and, at the time of the events giving rise to this action, was visiting and working temporarily in Ocean City, Maryland pursuant to a J-1 visa classification.

2.

Defendant is a resident of Worcester County, Maryland.

3.

Jurisdiction properly lies with this Honorable Court, as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

4

Venue is appropriate as the events giving rise to this action happened in Worcester County, Maryland.

**Allegations Common to All Counts**

5.

On July 26, 2022, at approximately 12:13 PM, Plaintiff was a pedestrian on the northeast corner of the intersection of 17th Street and Coastal Highway in Ocean City, Maryland and was attempting to cross Coastal Highway to the northwest corner of the intersection.

6.

At its intersection with 17th Street, Coastal Highway consists of five northbound lanes of travel and five southbound lanes of travel with the northbound and southbound lanes divided by a very narrow, slightly elevated masonry median strip.

7.

The lanes of travel of northbound Coastal Highway at its intersection with 17th Street consist of three "through lanes", a bus/bike lane and a left-turn lane.

8.

The lanes of travel of southbound Coastal Highway at its intersection with 17th Street consist of three "through lanes", a right-turn lane and a left-turn lane.

9.

On each of the four sides of the intersection, there is a designated pedestrian crosswalk with large dashed white lines painted on the asphalt to designate the

pedestrian crossing area and an adjacent solid white line painted on the asphalt to designate the stop line for approaching motorists.

10.

Traffic at the intersection is normally controlled by traffic lights but because the lights were not properly functioning on the morning of July 26, 2022, local authorities temporarily programmed them so that the lights controlling traffic on northbound and southbound traffic on Coastal Highway displayed a flashing yellow light.

11.

As Plaintiff was awaiting an opportunity to cross Coastal Highway, a motorist approaching on northbound Coastal Highway stopped to permit her to cross.

12.

Thereafter, Plaintiff began to cross the northbound lanes, at all times staying within the confines of the marked pedestrian crosswalk on the north side of the intersection and walking at a steady and deliberate pace.

13.

Motorists approaching the intersection in the southbound left turn lane and southbound Lane 3, having properly observed the flashing yellow light and a pedestrian in the process of crossing the intersection in a marked crosswalk, stopped to permit her to complete the crossing.

14.

At the same time and place, Defendant was traveling in Lane 2 of southbound Coastal Highway in a 2019 Dodge Durango sport utility vehicle with Maryland Registration No. 6DT3234 and VIN No. 1C4RDJEG3KC807038.

15.

Rather than slowing down and stopping, Defendant attempted to overtake and pass the vehicles stopped in the left turn lane and Lane 3 and drove into the marked crosswalk.

16.

In doing so, the front bumper of Defendant's vehicle struck Plaintiff with great force, knocking her to the ground.

17.

As a result, Plaintiff sustained injuries generally about her person including, but not limited to:

a. fractures of the pelvic ring, sacrum and right inferior and superior pubic ramus with extension into the right anterior wall acetabulum (for which she required percutaneous screw fixation surgery and continues to experience pain and other difficulties and limitations),

b. a traumatic brain injury (subarachnoid hemorrhage) with associated loss of consciousness, and

c. facial injuries in the area of the right frontal and orbital-palpebral regions (which now cause her to have decreased and altered sensation in the area of her right brow and forehead and also causes her right upper eyelid to remain open with certain movements of her eyes),

d. abrasions/contusions to both knees and elbows, right thigh and right chest, and

e. post-traumatic stress syndrome.

18.

As a result of the injuries, Plaintiff suffered and continues to suffer substantial medical and other expenses, great mental anguish, pain, permanent impairment, limitation of activities, loss of enjoyment and quality of life, loss of work, wages and household services and diminished earnings capacity, and other monetary and non-monetary harms and losses.

19.

Due to the pelvic fractures and the fixation screw required to stabilize them, Plaintiff's physician advised she should not attempt natural child birth but should instead give birth only by caesarean section.

**Count 1 – Negligence**

Plaintiff herein re-alleges and re-avers all the Paragraphs 1 through 19 as if fully set out and repeated herein.

20.

Defendant had a general duty of care to operate her vehicle in a safe and proper manner and so as to not expose others on the roadway to unnecessary risk of injury and death and, specifically, to

a. maintain a proper lookout,
b. give full attention to the road conditions ahead of her,
c. keep the vehicle under proper control,
d. drive within the posted speed limit,
e. drive at a reasonable speed given the prevailing traffic, road and weather conditions,

    f.  slow down and proceed with caution in observance of a flashing yellow light (Md. Trans. Code Ann Section 21-204(f)),

    g.  yield the right-of-way to pedestrians in the marked crosswalk,

    h.  stop at the designated stop line for crossing pedestrians,

    i.  come to a stop when a pedestrian crossing the roadway in a crosswalk is on the half of the roadway on which her vehicle is traveling or approaching from an adjacent lane on the other half of the roadway (Md. Trans. Code Ann Section 21-502(a)(2)),

    j.  refrain from overtaking and passing the vehicles stopped in the left turn lane and Lane 3 who had stopped to let pedestrians cross the roadway at a marked crosswalk (Md. Trans. Code Ann Section 21-502(c)),

    k.  refrain from driving the vehicle directly into pedestrians ahead of her in the marked cross walk.

21.

Defendant negligently, carelessly and recklessly breached the duties set forth above and, more specifically, Defendant:

    a. failed to maintain a proper lookout,

    b. failed to give full attention to the road conditions ahead of her,

    c. failed to keep the vehicle under proper control,

    d. drove in excess of the posted speed limit in violation of Md. Trans. Code Ann Section 21-801,

    e. drove at speed greater than reasonable given the prevailing traffic, road and weather conditions in violation of Md. Trans. Code Ann Section 21-801,

f. drove while distracted,

g. failed to slow down and proceed with caution in observance of a flashing yellow light in violation of Md. Trans. Code Ann Section 21-204(f),

h. failed to yield the right-of-way to pedestrians in the marked crosswalk,

i. failed to stop at the designated stop line for crossing pedestrians,

j. failed to come to a stop when pedestrians crossing the roadway in a crosswalk were on the half of the roadway on which her vehicle was traveling or were approaching from an adjacent lane on the other half of the roadway, in violation of Md. Trans. Code Ann Section 21-502(a)(2),

k. overtook and passed the vehicles stopped in the left turn lane and Lane 3 who had stopped to let pedestrians cross the roadway at a marked crosswalk, in violation of Md. Trans. Code Ann Section 21-502(c),

l. drove her vehicle directly into pedestrians crossing ahead of her in the marked crosswalk and

m. was otherwise negligent and careless in ways to be disclosed through the course of discovery.

23.

The injuries, harms and losses suffered by Plaintiff as a result of being struck as a pedestrian by a moving vehicle were easily foreseeable consequences of the actions and omissions of Defendant.

24.

All such injuries, harms, and losses were caused solely by the negligence of Defendant without any negligence on the part of Plaintiff contributing thereto.

25.

Defendant could have easily avoided causing the injuries, harms and losses to Plaintiff by simply obeying the rules of the road, the applicable safety ordinances and regulations, the Maryland Motor Vehicle Laws and other applicable rules, regulations and generally recognized standards of care.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in the amount of $1,000,000.00, plus costs and such other relief as this Honorable Court may deem appropriate.

**Count 2 – Gross Negligence**

Plaintiff herein re-alleges and re-avers all the Paragraphs 1 through 25 as if fully set out and repeated herein.

26.

The actions and conduct of Defendant as described above and, more specifically, in failing to slow and proceed with caution when approaching a flashing yellow traffic light, in failing to slow and stop for pedestrians lawfully crossing in a marked crosswalk, in attempting to overtake and pass vehicles stopped to permit pedestrians to complete their crossing and in striking Plaintiff were so reckless as to show a conscious disregard for the life and safety of Plaintiff and others.

27.

Plaintiff was a member of a foreseeable class of persons who were at risk of suffering physical harm from Defendant's conduct.

28.

As a result of the conduct and action of Defendant, Plaintiff suffered injuries, severe and extreme emotional distress and other harms and losses as described above.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages in the amount of $1,000,000.00, plus costs and such other relief as this Honorable Court may deem appropriate.

/s/William C. Hudson
William C. Hudson
Federal Bar No. 07845
Law Office of William C. Hudson
9748 Stephen Decatur Highway, Suite 111
Ocean City, MD 21842
(410)390-7745
wchudson@billhudsonlaw.com
Attorney for Plaintiff