**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| ANDREEA IACOBETI<br><br>Plaintiff,<br><br>v.<br><br>GENNA LEIGH ROSE WEEKS<br><br>Defendant. | Case Number:   1:23-CV-1758<br><br>**Judge:** Adam B. Abelson |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Genna Weeks, by and through her attorneys, Anne K. Howard, Esquire and David Fleishman, Esquire, hereby submits this Memorandum of Points and Authorities in support of her Motion for Summary Judgment.

**I.   NATURE OF THE CASE:**

This case arises out of an automobile accident which occurred on or about July 26, 2022, at the intersection of 17th Street and Philadelphia Avenue in Ocean City, Maryland. Complaint, ¶ 5; See Also Exhibit A, *Beegle Deposition Exhibit 1, Overview of Intersection*.[1]

Plaintiff, Andreea Iocabeti, alleges that she was struck by a vehicle operated by Defendant, Genna Weeks, while lawfully walking across the southbound lanes of Philadelphia Avenue. Complaint, ¶ 16. Plaintiff asserts one count of Negligence and one count of Gross Negligence against Defendant, alleging Defendant negligently operated

---

[1] Defense counsel has included a compass in the Intersection of Exhibit A for the Court's reference as this Motion includes numerous directional references. Exhibit A is the same exhibit presented to Mr. Beegle at his deposition, aside from the compass included by defense counsel for purposes of this Motion.

her vehicle, thereby causing the accident and subsequent personal injuries to Plaintiff. Complaint, ¶¶ 1-3, 20, 26.

As demonstrated below, Plaintiff has failed to set forth evidence sufficient to carry the burden of proof necessary to establish a Negligence and/or Gross Negligence cause of action against Defendant. In fact, the evidence produced throughout discovery in this case supports the opposite conclusion—that Plaintiff was actually the sole negligent party.

Moreover, even if this Honorable Court were to determine that a dispute of material fact exists as to Defendant's negligent operation of her vehicle, Plaintiff is still barred from recovery as she was contributorily negligent as a matter of law.

## II. **STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**[2]

1. The subject incident occurred on July 26, 2022, at the intersection of Philadelphia Avenue and 17th Street in Ocean City, Maryland (the "Intersection"). Exhibit B, *Police Report*, at p. 1.

2. One crosswalk spans the length of Philadelphia Avenue on the north side of the Intersection and another spans the length of Philadelphia Avenue on the south side of the Intersection. Exhibit A. The subject incident occurred at the crosswalk on the north side of the Intersection (the "Crosswalk"). Exhibit A; Exhibit B, at p. 1.

3. On the date of the subject incident, the traffic lights at the Intersection were not functioning properly. Exhibit B, at p. 1. The lights controlling northbound and southbound traffic on Philadelphia Avenue were flashing yellow. Id.; see also Exhibit C,

---

[2] Defendant asserts these facts as undisputed for the purposes of this Motion only, and reserves the right to dispute same should this case proceed to trial. The list of facts as undisputed herein should not be deemed an admission or waiver to later challenge or otherwise impeach Defendant regarding same.

2

*Excerpts from Defendant Genna Weeks' deposition testimony*, at pp. 17-18. The lights controlling eastbound and westbound travel on 17th Street were flashing red. Id.; See also Exhibit B, at p. 1. The pedestrian control signals controlling the Crosswalk were not functioning at all. Id.; see also Exhibit C, at pp. 54-55.

4. In the moments preceding the subject incident, Defendant was driving south on Philadelphia Avenue towards the Intersection. Exhibit C, at p. 17.

5. As Defendant approached the Intersection, she observed flashing yellow lights controlling her direction of travel, flashing red lights controlling eastbound and westbound travel, and a vehicle stopped in the southbound left turn lane. Exhibit C, at pp. 17-18.

6. In response to the flashing yellow lights, Defendant reduced her speed and proceeded towards the Crosswalk with caution. Id. at pp. 17-19, 21, 54, 61. Defendant was paying attention to the roadway and attendant conditions at all times. Id. at pp. 17-19, 57.

7. Simultaneously, Plaintiff entered the Crosswalk from the east side of 17th Street, walking west. Exhibit D, *Excerpts from witness Charles Beegle's deposition testimony*, at pp. 19, 25-26. Plaintiff crossed over the northbound lanes of the Crosswalk, continued past the center median, into the southbound lanes of Philadelphia Avenue, and in front of a vehicle stopped to Defendant's left, without ever stopping or looking up from her phone to look for oncoming traffic. Id. at pp. 19, 25, 31-32. At all times while Plaintiff was crossing the Intersection, she was "looking down at her phone" and "not paying attention." Id. at pp. 19, 25.

8.  Plaintiff was struck by Defendant immediately upon emerging from the front of the stopped vehicle to Defendant's left. Id. at p. 19. Defendant did not see Plaintiff until right before the impact. Exhibit C, at p. 45.

9.  Plaintiff never looked up from her phone to observe whether there was oncoming traffic before crossing the Intersection, nor whether it was safe to enter the Intersection at all. Exhibit D, at pp. 31-32.

10.  After the subject incident had occurred, while still on scene, Defendant observed a bystander pick-up from the street a shattered telephone belonging to Plaintiff and hand it to a police officer. Exhibit C, at pp. 47-48.

11.  The subject incident was observed in its entirety by an independent witness, Charles Beegle. Exhibit D, at pp. 18-19, 31.

12.  At the time of the subject incident, Mr. Beegle and his son had just walked across the northbound lanes of the southern crosswalk of Philadelphia Avenue and were waiting at the center median. Id. at p. 43. Mr. Beegle was looking northbound on Philadelphia Road to check for oncoming vehicles before crossing the southbound lanes when he observed the subject collision. Id. at pp. 24, 31.

13.  Mr. Beegle recognized Ms. Iacobeti when she was crossing the northbound lanes of the Crosswalk as he had just been in the elevator with her before leaving his hotel. Id. at pp. 20-21. Ms. Iacobeti was an employee at the hotel Mr. Beegle and his family were staying at. Id.

14.  Plaintiff has no recollection of anything that occurred immediately before, during, or after the subject accident. Exhibit E, *Excerpts from Plaintiff's deposition testimony*, at pp. 17-18, 43-44. As such, Plaintiff cannot deny that she was looking at her

4

phone while crossing the street, nor that she failed to look for traffic before crossing the Intersection. Id. at 38.

15. Plaintiff has produced a security camera video (the "Video) of the subject accident. Exhibit F *CCTV Video*.[3] The quality of the Video is poor, and the camera appears to be positioned at the intersection of 15th Street and Philadelphia Avenue, two blocks from where the subject incident occurred. [4] Id.

### III. STANDARD OF REVIEW

Summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Cartrett, 477 U.S. 317, 322 (1986). "[The] function of a motion for summary judgment is to smoke out if there is any case, i.e., any genuine dispute as to any material fact, and, if there is no case, to conserve judicial time and energy by avoiding an unnecessary trial and by providing a speed and efficient summary disposition." Bland v. Norfolk & Southern Ry. Co., 406 F.2d 863, 866 (4th Cir. 1969).

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

---

[3] Exhibit F will be provided, via First Class Mail, to the chambers of the Honorable Adam Abelson as counsel is unable to upload the referenced video through the Court's electronic filing system.

[4] Although difficult to discern, it is believed Plaintiff first appears on the Video as she walks across the northbound lanes of Philadelphia Avenue. Exhibit F at 12:12:22. Plaintiff reaches the center median and does not stop. Id. at 12:12:18. Plaintiff continues into the southbound lanes, where she appears to walk at a quicker pace. Id. at 12:12:19. There is no indication in the Video that Plaintiff ever stopped, looked for approaching vehicles, nor took any precautions before attempting to cross the Intersection. Id. at 12:12:12-12:12:22. The impact appears to be captured on the Video but is difficult to see. Id. at 12:12:22.

Celotex, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1). To defeat summary judgment the non-moving party may not rest upon a "mere scintilla" of evidence, but must set forth evidence that would be sufficient to carry the burden of proof on that issue at trial. Celotex, 477 U.S. at 322-24, Anderson, 477 U.S. at 252.

IV. **ARGUMENT**

Defendant is entitled to summary judgment on all counts of Plaintiff's Complaint because Plaintiff has failed to set forth any evidence sufficient to carry the burden of proof necessary to establish a Negligence and/or Gross Negligence cause of action against Defendant. Moreover, even if this Honorable Court were to find that a genuine issue of material fact exists as to whether Defendant negligently operated her vehicle, Plaintiff is still barred from recovery as she was contributorily negligent as a matter of law.

**A. Defendant is entitled to summary judgment as Plaintiff has failed to set forth sufficient evidence to carry the burden of proof necessary to establish a Negligence and/or Gross Negligence cause of action against Defendant.**

Plaintiff has produced no evidence throughout discovery to support her Negligence and Gross Negligence claims against Defendant.

"Negligence . . . is the violation of a relative duty for failure to use a degree of care required under particular circumstances." Benson v. Loehler, 228 Md. 55, 60-61 (1962) (quoting Sherwood Bros., Inc. v. Eckard, 204 Md. 485 (1954)). "Gross negligence is 'an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another, and also implies a thoughtless disregard of the consequences without the exertion of any effort to avoid them.'" Barbre v. Pope, 402 Md. 157, 187 (2007) (quoting Liscombe v. Potomac Edison Co., 303 Md. 619, 635 (1985)).

6

The "party who has the burden of proving another party guilty of negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value." Fowler v. Smith, 240 Md. 240, 246-47 (1965) (discussing requirements for claim of negligence to be submitted to jury).

Here, Plaintiff lists varied allegations of negligence but has provided no evidentiary support for them. Specifically, Plaintiff alleges Defendant was negligent in that she:

> (a) failed to maintain a proper lookout, (b) failed to give full attention to the road conditions ahead of her, (c) failed to keep the vehicle under proper control, (d) drove in excess of the posted speed limit in violation of Md. Trans. Code Ann Section 21-801, (e) drove at speed greater than reasonable given the prevailing traffic, road and weather conditions in violation of Md. Trans. Code Ann Section 21-801, (f) drove while distracted, (g) failed to slow down and proceed with caution in observance of a flashing yellow light in violation of Md. Trans. Code Ann Section 21-204, (h), failed to yield the right-of-way to pedestrians in the marked crosswalk, (i) failed to stop at the designated stop line for crossing pedestrians, (j) failed to come to a stop when a pedestrian crossing the roadway in a crosswalk is on the half of the roadway on which her vehicle is traveling or approaching from an adjacent lane on the other half of the roadway (Md. Trans. Code Ann Section 21-502(a)(2))[5], (k) overtook and passed the vehicles stopped in the

---

[5] Md. Transportation Code § 21-502 provides:

(a) (1) This subsection does not apply where:
  (i) A pedestrian tunnel or overhead pedestrian crossing is provided, as described in § 21-503(b) of this subtitle; or
  (ii) A traffic control signal is in operation.

(2) The driver of a vehicle shall come to a stop when a pedestrian crossing the roadway in a crosswalk is:
  (i) On the half of the roadway on which the vehicle is traveling; or
  (ii) Approaching from an adjacent lane on the other half of the roadway.

(b) A pedestrian may not suddenly leave a curb or other place of safety and walk or run into the path of a vehicle which is so close that it is impossible for the driver to yield.

(c) If, at a marked crosswalk or at an unmarked crosswalk at an intersection, a vehicle is stopped to let a pedestrian cross the roadway, the driver of any other vehicle approaching from the rear may not overtake and pass the stopped vehicle.

7

>left turn lane and Lane 3 who had stopped to let pedestrians cross the roadway at a marked crosswalk, in violation of Md. Trans. Code Ann Section 21-502(c), (l) drove her vehicle directly into pedestrians crossing ahead of her in the marked crosswalk and (m) was otherwise negligent and careless in ways to be disclosed through the course of discovery.

Complaint, ¶ 21 (footnote added). Plaintiff then realleges and incorporates the above allegations as the purported factual predicate for her gross negligence claim. Complaint, ¶ 26.

> i. *Plaintiff has produced no evidence to support her contention that Defendant negligently operated her vehicle on July 26, 2022.*

Plaintiff is relying solely on the fact that an accident occurred on July 26, 2022, in asserting that Defendant negligently operated her vehicle. That is not sufficient. Maryland law is clear that the mere happening of an accident is not sufficient to create an inference of negligence. Moore v. Bethesda Fire Dept., Inc., No. 90-2906, 1991 U.S. App. LEXIS 15113, 1991 WL 126579, at *7-8 (4th Cir. 1991); see also Brehm v. Lorenzo, 206 Md. 500 (1955). Negligence is not presumed from the mere happening of a motor vehicle collision. Id.

First, Plaintiff has no recollection of what occurred in the moments preceding the subject accident, nor the subject accident itself, so she cannot testify in support of her negligence allegations.

Second, there has been no evidence presented in discovery to suggest Defendant was speeding or operating her vehicle in a negligent manner whatsoever. In fact, to the contrary, Defendant specifically testified during her deposition that she slowed in response to the flashing yellow lights and approached the Intersection and Crosswalk with caution. Exhibit C, at pp. 21, 54. She also testified that she was paying full attention to the roadway and traffic conditions prior to, and at the time of, the subject accident. Id.

at p. 57. Defendant's testimony is further supported by a completely independent witness, Mr. Beegle, who testified that he did not observe Defendant speeding or operating her vehicle in any concerning manner as she approached the Intersection. <u>Exhibit D</u>, at p. 28.

There is simply no evidence to contradict the referenced testimony regarding the speed of Defendant's vehicle, nor the due care Defendant took as she proceeded towards the Intersection. At the very least, Plaintiff has not established more than a "mere scintilla" of evidence to support her claims.

    ii. *<u>Plaintiff has produced no evidence to support her contention(s) that Defendant violated Md. Trans. Code § 21-502.</u>*

Plaintiff cannot rely on a violation of Md. Trans. Code § 21-502(a) to establish Defendant's negligence, as § 21-502(a) clearly states that "this subsection does not apply where a traffic control signal is in operation." § 21-502(a). While there is no dispute that the traffic control signals controlling northbound and southbound traffic were not operating as normal, there is also no dispute that they were, in fact, operating. The lights controlling Defendant's approach of the intersection were flashing yellow, allowing Defendant, pursuant to Maryland law, to proceed with caution through the Intersection without stopping. Md. Transp. Code § 21-204(f).

Moreover, even if this Honorable Court were to determine Md. Transp. Code Md. Trans. Code § 21-502 does apply to the subject incident, Plaintiff is the only person for which evidence in this case supports a violation of the statute. § 21-502(b) provides that a pedestrian may not suddenly leave a place of safety and "walk . . . into the path of a vehicle which is it is so close that it is impossible for the driver to yield."

As previously set forth in this motion, that is precisely what Plaintiff did when she walked into the Intersection, directly in front of Defendant's vehicle, without so much as

lifting her head to observe the traffic conditions. Due to Plaintiff's failure to take precautions before crossing the Intersection, and Plaintiff's sudden emergence from the front of a vehicle to the left of Defendant as she approached the Intersection, Defendant was not able to see Plaintiff prior to the impact. Exhibit C, at p. 45; see also Exhibit E, at pp. 25-26. As such, even if this Honorable Court were to determine Plaintiff had the right of way (a fact Defendant vehemently disputes), Defendant did not have an opportunity to yield to Plaintiff due to her violation of Md. Trans. Code § 21-502(b).

Finally, Plaintiff cannot establish that Defendant violated Md. Trans. Code § 21-502(c) because Defendant did not overtake or pass any car stopped at the intersection. This is confirmed by the Video relied on by Plaintiff, as well as the deposition testimony of Defendant. Exhibit F, at 12:12:18-12:12:22; Exhibit C, at p. 19.

      iii.  *The Video itself does not create a genuine issue of material fact.*

It is expected that Plaintiff will rely solely on the Video to assert that a genuine dispute of material fact exists in this case as to Defendant's negligent operation of her vehicle.

Ordinarily, when a video is not clear, a plaintiff is entitled to an interpretation of the video consistent with her interpretation of events. See Hall v. Washington Metro. Area Transit Auth., 33 F. Supp. 3d 630, 632 (D. Md. 2014) (citing Scott v. Harris, 550 U.S. 372, 380 (2007). However, in the instant case, Plaintiff has no recollection of the incident, and the mere fact that unclear video footage exists does not permit the creation of a narrative that "blatantly contradict[s]" what is shown in the video. Scott v. Harris, 550 U.S. 372, 380 (2007).

Moreover, the discernable parts of the Video relating to the material facts in this case, *i.e.* Plaintiff proceeding through the Intersection without any attempt to stop, slow down, or look for oncoming traffic, are entirely consistent with Plaintiff's negligence, not Defendant's. There is simply no basis from the Video to adduce negligence on the part of Defendant. At best, the Video supports a finding that Plaintiff was the sole negligent party in this case. At worst, the Video does nothing to advance Plaintiff's theory of Defendant's negligence beyond mere conjecture and speculation.

**B. Plaintiff is barred from recovery as she was contributorily negligent as a matter of law.**

Even if this Court were to find that a genuine issue of material facts exists as to Defendant's negligent operation of her vehicle on July 26, 2022, Plaintiff is still barred from any recovery as she was contributorily negligent as a matter of law.

Contributory negligence is a bar to recovery for claims of negligence or gross negligence. Coleman v. Soccer Ass'n of Columbia, 432 Md. 679, 687 (2013).[6]  At times, such as in the present case, the conduct of the plaintiff can amount to "contributory negligence as a matter of law." *Frazee v. Balt. Gas & Elec. Co.,* 255 Md. 627, 633, 258 A.2d 425, 428 (1969) *(affirming summary judgment on contributory negligence defense);* *Balt. Transit Co. v. State*, 194 Md. 421, 434 (1950) (a "prominent and decisive act" on part of plaintiff can make contributory negligence question of law).

"Contributory negligence is defined as 'conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is

---

[6] Maryland does not recognize gradations of negligence. Schermer v. Neurath, 54 Md. 491, 497 (1880). Gross negligence and negligence are the same tort. Id. Currently, only intentional conduct renders the defense of contributory negligence as inapplicable. State Farm Mut. Auto. Ins. Co. v. Hill, 139 Md. App. 308, 318, 775 A.2d 476, 481 (2001) (citing Restatement (Second) of Torts § 481). Plaintiff does not allege intentional conduct. Complaint.

11

a legally contributing cause co-operating with the negligence of the defendant in bringing about the plaintiff's harm.'" Menish v. Polinger Co., 277 Md. 553, 563 (1976) (quoting Craig v. Greenbelt Consumer Services, Inc., 244 Md. 95, 97 (1966)).

It is well-settled law in Maryland that a pedestrian can be found guilty of contributory negligence, as a matter of law, when crossing between intersections without first looking for oncoming traffic. Reid v. Pegg, 256 Md. 289, 296 (1969). In this regard:

> [A] pedestrian cannot walk blindly between intersections into oncoming traffic and be heard to say that he did not see the danger which he could have seen if he had looked, and that if a pedestrian suddenly steps from a sidewalk into the path of an approaching car and either did not look to see if any car was approaching or made no effort to avoid it by stopping or stepping aside, although he could easily have seen it in time to have kept or taken a position of safety and thus avoided the accident, he is guilty of contributory negligence as a matter of law, precluding recovery by him for resulting injuries.

Id., 294 (plaintiff pedestrian found contributorily negligent as matter of law for not looking or looking but failing to heed); see Pratt v. Coleman, 14 Md. App. 76, 81-82 (1972) (plaintiff pedestrian found negligent as matter of law when, despite looking, the plaintiff failed to spot the defendant's approaching vehicle and stepped into the roadway). Moreover, a pedestrian is not absolved from negligence by simply using a [marked] crosswalk when blindly crossing "without looking for approaching traffic." Chasanow v. Smouse, 168 Md. 629, 632 (1935).

In the present case, Plaintiff's negligent conduct when she walked across the Intersection is indisputable. Plaintiff was looking down at her phone when she entered the Crosswalk heading westbound. She proceeded through the northbound lanes, past the center median, through the southbound lanes, and directly in front of Defendant's vehicle

without ever pausing or looking for approaching vehicles. Indeed, Plaintiff acted in this manner all while the traffic control lights around her were malfunctioning, and the pedestrian walk signal was not functioning at all. This series of events is supported by the testimony of the Defendant, an independent witness, and the Video Plaintiff intends to rely on. There is, in contrast, no evidence produced by Plaintiff to refute these critical facts.

Any one of the foregoing acts by Plaintiff amounts to contributory negligence as matter of law. Each is a prominent and decisive act on the part of Plaintiff to disregard her own safety while crossing an intersection at which the traffic lights were not properly functioning, and pedestrian controls were not functioning at all. As such, Plaintiff was contributorily negligent as a matter of law and is precluded from any recovery in this case.

### V. **CONCLUSION**

For the reasons set forth above, and any other reasons this Court deems appropriate, Defendant requests this Honorable Court grant summary judgment in her favor on all counts of Plaintiff's Complaint as there exists no material facts in dispute that Defendant was negligent on July 26, 2022, and, in the alternative, Plaintiff was contributorily negligent as a matter of law and is thereby barred from any recovery.

WHEREFORE, there being no material facts in dispute and Defendant being entitled to judgment as a matter of law as to all counts in Plaintiff's Complaint, Defendant respectfully requests that her Motion for Summary Judgment be granted.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**
_____/s/_____
Anne K. Howard, Esquire, Bar No.: 04729
David H. Fleishman, Esquire, Bar  No.: 30607
Twinbrook Metro Plaza
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
T: (301) 654-0896
F: (301) 907-9591 facsimile
ahoward@budownoble.com
dfleishman@budownoble.com
*Counsel for Defendant, Genna Weeks*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of January, 2024, the foregoing Memorandum in Support of Defendant's Motion for Summary Judgment was filed and served via the Court's CM/ECF system on:

William C. Hudson, Esquire
Law Office of William C. Hudson
9748 Stephen Decatur Highway, Suite 111
Ocean City, Maryland 21842
*Attorney for Plaintiff, Andreea Iacobeti*

_____/s/_____
Anne K. Howard, Esquire, Bar No.: 04729
David H. Fleishman, Esquire, Bar  No.: 30607
*Counsel for Defendant, Genna Weeks*