**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| ANDREEA IACOBETI<br><br>Plaintiff,<br><br>v.<br><br>GENNA LEIGH ROSE WEEKS<br><br>Defendant. | Case Number:   1:23-CV-1758<br><br>**Judge:** Adam B. Abelson |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO STRIKE AFFIDAVIT OF ELIF YILDERAL**

COMES NOW Defendant, Genna Weeks, by and through her attorneys, Anne K. Howard, Esquire and David Fleishman, Esquire, and respectfully submits this Memorandum in support of her Motion to Strike Affidavit of Elif Yilderal.

I. **Statement of Facts:**

1. This case arises out of an automobile and pedestrian accident which occurred on or about July 26, 2022, at the intersection of 17th Street and Philadelphia Avenue in Ocean City, Maryland. Complaint, at ¶ 5.

2. On June 28, 2023, Plaintiff filed a Complaint against Defendant based on the above-referenced incident, alleging that she was struck by a vehicle operated by Defendant, while lawfully walking across the southbound lanes of Philadelphia Avenue. Id. at ¶ 16. Plaintiff asserted one count of Negligence and one count of Gross Negligence against Defendant, alleging Defendant negligently operated her vehicle, thereby causing the accident and subsequent personal injuries to Plaintiff. Id. at ¶¶ 1-3, 20, 26.

5

3. On January 9, 2024, Defendant filed a Defendant's Motion for Summary Judgment, arguing: (1) Plaintiff failed to set forth evidence sufficient to carry the burden of proof necessary to establish a Negligence and/or Gross Negligence cause of action against Defendant and (2) even if this Honorable Court were to determine that a dispute of material fact exists as to Defendant's negligent operation of her vehicle, Plaintiff was still barred from recovery as she was contributorily negligent as a matter of law. <u>Defendant's Motion for Summary Judgment</u>.

4. On February 7, 2024, Plaintiff filed Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Plaintiff's Opposition"), relying solely on a low-quality video of the incident and an Affidavit of Elif Yilderal (the "Affidavit"), who was present at the scene of the incident. <u>Exhibit 1</u>, *Affidavit of Elif Yilderal*. Neither the Affidavit itself, nor the information contained within the Affidavit, was provided to Defense counsel prior to Plaintiff's Opposition on February 7, 2024.

5. The Affidavit has no date as to when it was executed by Elif Yilderal. <u>Id.</u>

6. The Affidavit is riddled with personal beliefs and conclusory statements of Mr. Yilderal making it difficult to discern which statements contained in the Affidavit are actually based on his personal knowledge. <u>Id.</u>

7. The Affidavit concludes with the following affirmation: "I solemnly affirm under penalties of perjury and upon personal knowledge that the contents of this document are true *to the best of my knowledge, information and belief*." <u>Id.</u> at ¶ 19 (emphasis added).

6

II. <u>Argument</u>

    A. <u>The Affidavit should be stricken as it is fatally flawed.</u>

In lieu of a notarized affidavit, an unsworn declaration of a purported witness may be used in support or opposition of a summary judgment motion if subscribed by the purported witness in writing, as true under penalty of perjury, and dated, in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)". <u>28 U.S.C. § 1746(2)</u>. Failure to include the date on which an unsworn declaration was executed is sufficient grounds to strike said declaration. <u>See</u> <u>Counts v. Kraton Polymers, U.S. L.L.C.</u>, 260 Fed App'x. 825, 829 (6th Cir. 2008) (holding that the district court did not abuse its discretion in striking multiple unsworn declarations filed in support of the non-movant's summary judgment opposition, where the declarations were undated, as the applicable statute requires that unsworn declarations be dated).

Furthermore, an affidavit or declaration used to support or oppose a motion must be made on personal knowledge only, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. <u>Fed. R. Civ. P.56(c)(4).</u>

An affidavit swearing "under penalty of perjury that the foregoing is true to the best of my personal knowledge, information and belief," used to oppose a motion for summary judgment, does not meet the requirements of <u>Fed. R. Civ. P.56(c)</u>. <u>See</u> <u>Malina v. Baltimore Gas & Elec. Co.</u>, 18 F. Supp. 2d 596, 604 n.4 (D.Md. 1998); <u>see also</u> <u>County Comm'rs of Caroline Cty. V. J. Roland Dashiell & Sons, Inc.</u>, 358 Md. 83, 103 (2000) (holding "affidavits that are based on 'the best of one's knowledge, information,

7

and belief," or similar attestation, are insufficient to support a motion for summary judgment…."").

Here, the Affidavit of Elif Yilderal, relied upon by Plaintiff in support of Plaintiff's Opposition, is fatally flawed as it: (1) lacks any date as to when the document was executed by Mr. Yilderal and (2) is sworn out "under penalty of perjury that the foregoing is true *to the best of my personal knowledge, information and belief*." Exhibit 1, ¶ 19 (emphasis added). Either of these fatal defects, on their own, creates a sufficient basis for this Honorable Court to strike the Affidavit of Elif Yilderal.

### III.  Conclusion

WHEREFORE, for the reasons set forth above, Defendant respectfully requests this Honorable Court strike the Affidavit of Elif Yilderal from Plaintiff's Opposition.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**

_____/s/_____
Anne K. Howard, Esquire, Bar No.: 04729
David H. Fleishman, Esquire, Bar  No.: 30607
Twinbrook Metro Plaza
12300 Twinbrook Parkway, Suite 540
Rockville, Maryland 20852
T: (301) 654-0896
F: (301) 907-9591
ahoward@budownoble.com
dfleishman@budownoble.com
*Counsel for Defendant, Genna Weeks*

8

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of February, 2024, the foregoing Memorandum in Support of Defendant's Motion to Strike Affidavit of Elif Yilderal was filed and served via the Court's CM/ECF system on:

William C. Hudson, Esquire
Law Office of William C. Hudson
9748 Stephen Decatur Highway, Suite 111
Ocean City, Maryland 21842
*Attorney for Plaintiff, Andreea Iacobeti*

_____/s/_____
Anne K. Howard, Esquire, Bar No.: 04729
David H. Fleishman, Esquire, Bar No.: 30607
*Counsel for Defendant, Genna Weeks*